Shauck, J.
That Mrs. Wheeiock did not, in her amended petition, pray for the cancellation of the deed does not aid in determining whether the. issues were triable to a jury or not. The execution of the deed was alleged in the petition, and, if it was an impediment to her recovery at law, it followed either that she was entitled to that relief upon the facts alleged, and without a specific prayer therefor, or that her petition did not state a cause of *549 action. In either view, upon that assumption, the judgment of the court of common pleas should have been affirmed.
The contention of her counsel is, that Mrs. Wheelock’s legal title to the land remained unaffected by her deed, in view of the circumstances of its execution, and that, the deed being utterly void, she might recover possession by an action at law. But little reliance should be placed upon observations extracted from opinions and text books, where only the validity and binding character of contracts is considered, and where, without technical precision, the terms “void” and “voidable,” are used as equivalents.
It is suggestive that the combined industry of court and counsel have failed to discover a case in this state in which the grantor, having capacity to contract, in a deed executed in conformity to the provisions of the deeds act, has been permitted to assert rights contrary to its terms, without first securing its reformation or cancellation by a decree in equity, to be obtained upon the allegations and the deg'ree of proof there required, and upon such terms as may be imposed conformably to the doctrines of equity. Suits in equity for the cancellation of deeds in eases of fraud, undue influence and incapacity, are familiar in our practice. The constant exercise of the powers of courts of equity in cases of this character, has not been by chance or caprice, since the rule has been uniformly held that courts of equity do not act except to grant relief where the powers of courts of law are inadequate. The force of the inference to be drawn from this familiar course of practice, is not diminished by Westerman v. Westerman, 25 Ohio St., 500, or McVeigh v. Ritenour, 40 Ohio St., 107, since *550 it is not the grantor, but his creditor, who, according to the doctrine of those cases, may treat á frudulent deed as a nullity, and the decisions are placed upon the provision of the statute, that evei-y grant made to defraud creditors, “shall be deemed utterly void and of no effect.” Revised Statutes, 4196. Indeed, it is well settled that, notwithstanding the comprehensive terms of this statute, such deed is, as against the grantor, effective to convey his interest, and that he cannot avoid it by any form of proceeding, either at law or in equity.
Nor is the question affected by the numerous cases in which deeds have been held to be void because of fraud not limited to the purposes for which they were executed or procured, but extending to the very execution of the instruments. They are cases where, in contemplation of law, the deeds were not executed.
It is the settled policy of the state, as indicated by a uniform course of practice in its courts, and by repeated decisions of this court, that instruments of this solemn. character, executed in conformity to the provisions of the deeds act, shall not be set aside or defeated of their natural purpose, except upon proper allegations which are supported by evidence of a clear and convincing character. The mere preponderance of evidence, which is sufficient to determine the verdicts of juries in civil actions, is not sufficient. Potter v. Potter, 27 Ohio St., 84; Ford v. Osborne, 45 Ohio St., 1.
“The distinction between the terms ‘void’ and ‘ voidable, ’ in their application to contracts, is often one of great practical importance; and whenever entire technical accuracy is required, the term *551 ‘void ’ can only- be properly applied to those contracts that are of no effect whatsoever; such as a mere nullity, and incapable of confirmation or ratification.” Terrill v. Auchauer, 14 Ohio St., 80.
The distinction suggested between deeds that are void and those that are voidable only, is usually regarded as determining the necessity for the interposition of a court of equity. Applying it here i¿ would seem to justify the ruling of the court of common pleas, since it is not doubted that Mrs. Wheelock’s deed was capable of ratification.
But it is said that the judgment of the circuit court was controlled" and justified by Cresinger v. Lessee of Welch, 15 Ohio, 156. It was there decided that if an infant conveys land, and, after attaining his majority, conveys the same land to another, such subsequent conveyance is a disaffirmance of the former, and the grantee in the subsequent deed may maintain ejectment. That case is distinguished from the present case upon clear grounds. The deed against which the title of the subsequent grantee prevailed was the deed of one who was without power to contract. The theory of the ease is that the deed was, when executed, ineffectual to pass title because of the want of capacity of the grantor to contract, and that it so remained until effect should be given to it by ratification. In this case Mrs.Wheelock had capacity to execute the deed, and it was effectual to convey the title subject to her right to avoid it in a proper suit because of the circumstances under which it is alleged to have been executed.
Duress is but the extreme of undue influence, and there appears no reason why a deed, voidable because of its exercise, should not be cancelled in *552 the same manner and subject to the same conditions that are imposed in courts of equity, in suits to avoid deeds obtained by fraud or undue influence.
The consideration of other questions argued by counsel is unnecessary.
Judgment of the circuit court reversed, and that of the commo n pleas affirmed.